[No. D011722. Fourth Dist., Div. One. Jan. 28, 1991.]

CALIFORNIA FINANCIAL RESPONSIBILITY COMPANY, Plaintiff and Appellant, v. A. A. PIERCE, as Director, etc., Defendant and Respondent.

COUNSEL

Michael Schaefer for Plaintiff and Appellant.

John K. Van de Kamp and Daniel E. Lungren, Attorneys General, and Melvin R. Segal, Deputy Attorney General, for Defendant and Respondent.

## OPINION

**TODD, J.**—California Financial Responsibility Company (Company) appeals a judgment denying its petition for writ of mandate seeking an order

compelling A. A. Pierce, Director of the California Department of Motor Vehicles (DMV), to accept Company's surety bonds in satisfaction of the California Financial Responsibility Law (Veh. Code,[1] § 16000 et seq.).

Company contends its business operation is not within the jurisdiction of the California Department of Insurance and the DMV must accept its surety bonds as written. Finding no merit in Company's contention, we affirm.

FACTS

The DMV rejected a surety bond which Company issued on behalf of one of its clients on the grounds, "Surety Bonds can only be accepted from bonafide [sic] insurers, insurance companies or surety companies authorized to do business in the State of California. [¶] . . . The Department of Motor Vehicles will not accept Surety Bonds issued by your company until you have met the Department of Insurance requirements."

Company sought a writ of mandate to compel DMV to accept its surety bonds, alleging in part that it is a proprietorship owned by testamentary trusts created by certain named estates and having net resources exceeding $1 million. The petition alleges Company is in the business of issuing surety bonds in compliance with section 16021 and conducts all its activities within the City of San Diego. Company alleges it has complied with fictitious name filing requirements and obtained a license to conduct business within the City of San Diego.

According to the petition, Company has issued 13 surety bonds on a form approved by DMV. The principal sum of each bond is $5,000 for damage to property resulting from any one accident, $15,000 for damages for injury to or death of any one person and $30,000 for injury to or death of two or more persons in any one accident. Company alleges it is not engaged in the insurance business and not subject to the jurisdiction of the Department of Insurance. The petition is verified by Michael Schaefer as ". . . Trustee in charge of petitioner's business and responsible for the testamentary trust owning petitioner's [sic] surety bond company . . . ."

The trial court denied the petition on the ground the surety bonds at issue "constitute a class of insurance within the meaning of Insurance Code section 100, and that to be an admitted insurance carrier petitioner must

---

[1] All statutory references are to the Vehicle Code unless otherwise specified.

have a certificate of authority from the Insurance Commissioner (Ins. Code,[2] 995.120), which petitioner does not possess . . . ."

## Discussion

Generally, under the California Financial Responsibility Law any driver of a motor vehicle involved in an accident originating from the operation of a motor vehicle on a street or highway or a reportable off-highway accident, as defined, resulting in property damage over $500 or personal injury or death, is required to timely and in proper form report the accident to DMV. (§ 16000.) DMV then determines if the persons involved in the reported accident comply with financial responsibility requirements.[3] Section 16021 provides:

"Financial responsibility of the driver or owner is established if the driver or owner of the vehicle involved in an accident in described Section 16000 is:

"(a) A self-insurer under the provisions of this division.

"(b) *An* insured or *obligee under a* form of insurance or *bond which complies with the requirements of this division* and which covers the driver for the vehicle involved in the accident.

"(c) The United States of America, this state, any municipality or subdivision thereof, or the lawful agent thereof.

"(d) A depositor in compliance with subdivision (a) of Section 16054.2.

"(e) In compliance with the requirements authorized by the department by any other manner which effectuates the purposes of this chapter." (Italics added.)

Sections 16054, 16054.2 and 16055 relate to establishing proof of the required financial responsibility by the various authorized means, including

---

[2] As shall be seen in the discussion, *infra*, and from the fact there is no section 995.120 in the Insurance Code, it is clear this is a typographical error meant to be a citation to the Code of Civil Procedure section 995.120, which is directly applicable to this case.

[3] A requirement that drivers produce proof of financial responsibility if they are stopped for moving violations was contained in former section 16028 until January 1, 1991. However, under former section 16028, subdivision (i), the section remained in effect only until January 1, 1991, and as of that date was repealed, because a later statute deleting or extending that date was not enacted before January 1, 1991. (See Stats. 1990, ch. 888, § 2, urgency, eff. Sept. 14, 1990.)

bonds.[4] Section 16054, subdivision (b), specifically requires, in part, "[*a*]*ny* automobile liability policy or *bond* referred to in this section *shall comply with* the requirements of *Section 16056* . . . ." (Italics added.)

Section 16056, of primary importance in resolving the issue at hand, provides in pertinent part:

"(a) *No* policy or *bond shall be effective* under Section 16054 *unless issued by* an insurance company or *surety company authorized to do business in this state* . . . ."

Code of Civil Procedure section 995.120 applies to any bond "executed, filed, posted, furnished, or otherwise given as security pursuant to any statute of this state, except to the extent the statute prescribes a different rule or is inconsistent." (Code Civ. Proc., § 995.020, subd. (a).)[5] Code of Civil Procedure section 995.120 reads:

---

[4] Sections 16054, 16054.2 and 16055 read as follows:

16054. "(a) Proof may be established by filing with the department satisfactory evidence: [¶] (1) That the owner had an automobile liability policy, a motor vehicle liability policy, or bond in effect at the time of the accident with respect to the driver or the motor vehicle involved in the accident, unless it is established that at the time of the accident the motor vehicle was being operated without the owner's permission, express or implied, or was parked by a driver who had been operating the vehicle without permission. [¶] (2) That the driver of the motor vehicle involved in the accident, if he or she was not the owner of the motor vehicle, had in effect at the time of the accident an automobile liability policy or bond with respect to his or her operation of the motor vehicle not owned by him or her. [¶] (3) That such liability as may arise from the driver's operation of the motor vehicle involved in the accident is, in the judgment of the department, covered by some form of liability insurance or bond. [¶] (4) That the owner or driver, if he or she is involved in an accident while operating a vehicle of less than four wheels, had in effect at the time of the accident with respect to the driver or vehicle a liability policy or bond that meets the requirements of Section 16056. [¶] (b) Any automobile liability policy or bond referred to in this section shall comply with the requirements of Section 16056 and Sections 11580, 11580.1, and 11580.2 of the Insurance Code, but need not contain provisions other than those required by those sections, and shall not be governed by Chapter 3 (commencing with Section 16430)."

16054.2. "Proof may also be established by either of the following: [¶] (a) By depositing with the department cash in the amount specified in Section 16056. [¶] (b) By any other manner authorized by the department which effectuates the purposes of this chapter."

16055. "Evidence of insurance or bond shall be submitted by the insurer or surety in conformance with the requirements of Section 16057. In the event of notice to the department by the company which issued one of the above stated policies or bonds that coverage was not in effect, then the policy or bond shall not operate to establish proof as provided for by Section 16054."

[5] The Bond and Undertaking Law (Code Civ. Proc., § 995.010 et seq.) is a statute of general application enacted effective January 1, 1983, to reduce unnecessary proliferation of procedural statutes to govern bonds and undertakings and provide uniformity in this area of the law. (16 Cal. Law Revision Com. Rep. (Nov. 1982) pp. 507-508.)

"(a) 'Admitted surety insurer' means a corporate insurer or a reciprocal or interinsurance exchange to which the Insurance Commissioner has issued a certificate of authority to transact surety insurance in this state, as defined in Section 105 of the Insurance Code.

"(b) For the purpose of application of this chapter to a bond given pursuant to any statute of this state, the phrases 'admitted surety insurer,' 'authorized surety company,' 'bonding company,' 'corporate surety,' and comparable phrases used in the statute mean 'admitted surety insurer' as defined in this section."[6]

██ Under subdivision (b) of Code of Civil Procedure section 995.120, it is apparent that the section 16056 phrase "surety company authorized to do business in this state" is a phrase comparable to "authorized surety company" and the other phrases quoted in the Code of Civil Procedure section. As such a comparable phrase, "surety company authorized to do business in this state" is to be construed to mean an "admitted surety insurer," which includes "a corporate insurer . . . to which the Insurance Commissioner has issued a certificate of authority to transact surety insurance in this state . . . ." (Code Civ. Proc., § 995.120, subd. (a).)

As is readily apparent from this statutory scheme, a corporate surety offering financial responsibility bonds must have a certificate of authority from the Insurance Commissioner to transact surety insurance in California. This is the rule adopted by DMV and it applies to Company.

Company's reading of the section 16056 language "authorized to do business in this state"[7] as encompassing surety companies not operating under a certificate of authority from the Insurance Commissioner is done without reference to the scheme of law of which it is a part.[8] Both parties

---

[6] Insurance Code section 105, referred to in Code of Civil Procedure section 995.120, provides in part that surety insurance includes, "(a) The guaranteeing of behavior of persons and the guaranteeing of performance of contracts (including executing or guaranteeing bonds and undertakings required or permitted in all actions or proceedings or by law allowed), other than insurance policies and other than for payments secured by a mortgage, deed of trust, or other instrument constituting a lien or charge on real estate."

Surety is one of the classes into which "[i]nsurance in this state is divided." (Ins. Code, § 100, subd. (5).)

[7] Company argues that since it has a city business license it is "authorized to do business in this State."

[8] Because the appeal bond provisions have no bearing on the case at hand, there is no merit to Company's argument that it is "akin to California Code of Civil Procedure sections 917.1

cite *Lumbermens Mutual Casualty Co.* v. *Agency Rent-A-Car, Inc.* (1982) 128 Cal.App.3d 764 [180 Cal.Rptr. 546] where this court pointed out that a surety "constitutes a guarantee the surety will assume the principal's liability only if the latter is unable to make full payment," (p. 769) and that a financial responsibility bond does not protect the principal by insuring him against liability, it "is written for the protection of the motoring public, who may be injured by the principal." (*Id.* at p. 770.) Protection of the motoring public can occur, of course, only if there truly is a state of financial responsibility on the part of those required to possess it. Requiring a surety company to possess a certificate of authority to transact surety insurance, issued by the Insurance Commissioner, comports fully with this statutory purpose. DMV's construction of the statutory scheme to encompass the certificate requirement is entitled to great weight, certainly not " 'clearly erroneous or unauthorized' " (*Wotton* v. *Bush* (1953) 41 Cal.2d 460, 466 [261 Cal.Rptr. 256], quoting *Richfield Oil Corp.* v. *Crawford* (1952) 39 Cal.2d 729 [249 Cal.Rptr. 600]), and thus we should not depart from it. (*Ibid.*) Moreover, of prime importance is the fact DMV's construction carries out the statutory purpose of assuring true financial responsibility to protect the motoring public. (41 Cal.2d at p. 467.)

We conclude the trial court correctly denied the petition for writ of mandate.

DISPOSITION

Judgment affirmed.

Wiener, Acting P. J., and Benke, J., concurred.

---

et seq., which provide expressly for the issuance of non-insurer undertakings or surety bonds in connection with appeals of money judgments."

For the same reason, Company presents no acceptable argument that it is "[a] personal surety" (Code Civ. Proc., § 995.510) as to which it believes DMV could seek to have it "justify its status by having an administrative or judicial hearing on its net worth."